UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KORI LANE LAKE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF MICHAEL J. WHELAN,<br><br>Defendant. | Case No.  C10-5317BHS/JRC<br><br>REPORT AND RECOMMENDATION TO DENY INJUNCTIVE RELIEF<br><br>**NOTED FOR**:<br>August 6, 2010 |

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

Plaintiff seeks an injunction regarding a Community Service Bulletin posted on the website for the Grays Harbor Sheriff's Office on May 2, 2008 (Dkt. # 2). The bulletin allegedly disclosed that plaintiff is or was mentally ill.  Defendant maintains that plaintiff was arrested on new charges prior to being released in Grays Harbor County on May 3, 2008.  When it became apparent that he would not be released into the community, the Community Service Bulletin was removed from the website where it had been posted (Dkt. # 15, page 2, lines 15-16).  Because of a computer crash in 2009, the Sheriff's department is not able to provide the exact date the

REPORT AND RECOMMENDATION- 1

bulletin was removed from its website but defendant has confirmed that the bulletin has been removed from the website. (Dkt. # 19, Affidavit of Ron Malizia, page 2¶ 4).

Two years later—plaintiff became aware of the bulletin and he now seeks an injunction to remove all content from the bulletin that refers to plaintiff as being mentally ill.  Plaintiff does not clearly inform the court what action can be taken in light of the fact that the bulletin was removed from the Sheriff's website.

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

## DISCUSSION

The Sheriff's Office maintains that the public service bulletin in question was removed from its website shortly after it was posted.  Plaintiff has not contradicted this assertion of fact.  Neither the Gray's Harbor Sheriff's Office nor the court control the world wide web, where copies of the bulletin may exist at this time.  In light of the fact that the Community Service Bulletin has already been removed from the web, it does not appear the court can grant any

REPORT AND RECOMMENDATION- 2

meaningful injunctive relief in this case.  Accordingly, without reaching the merits of plaintiff's request for relief, the court recommends that the motion be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 6, 2010, as noted in the caption.

Dated this 8th day of July, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3