UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KORI LANE LAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAYS HARBOR COUNTY SHERIFF MICHAEL J. WHELAN,<br><br>    Defendant. | Case No.  C10-5317BHS/JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED:  DECEMBER 10, 2010 |

This Title 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Before the court is defendant's motion for summary judgment (ECF No. 28). Plaintiff has responded and defendant has replied (ECF Nos. 29 and 30). The plaintiff's second response and defendant's surreply are not authorized by the Local Rules and have not been considered (ECF Nos. 32 and 33).

REPORT AND RECOMMENDATION- 1

The undersigned recommends that the motion for summary judgment be granted and that this action be dismissed with prejudice.

The uncontradicted evidence shows that plaintiff's Fourteenth Amendment liberty interests were not violated when defendant released information regarding the plaintiff to the public warning that plaintiff was dangerous and a "mentally ill offender" because the state's interest in protecting the public from violent offenders outweighs plaintiff's claimed liberty interest. Further, the defendant is entitled to qualified immunity because it was not clearly established that he was prohibited from making such a public disclosure.

## FACTS

Plaintiff was convicted of aggravated assault and felony theft in 1990 in Montana (Motion for summary judgment, ECF No. 28, page 2). The Grays Harbor Sheriff had received information about the crime committed in Montana from authorities in that state. Specifically, they were told that plaintiff slit the throat of a person who picked him up while he was hitchhiking. Plaintiff then stole the car (Motion for summary judgment, ECF 28, page 2). In the late 1990's, plaintiff was convicted in Washington state of robbery in the first degree while armed with a deadly weapon (Motion for summary judgment, ECF No. 28, page 2). The information Grays Harbor had about the Washington conviction is that plaintiff intended to kill his victim even though the victim was tied and could not stop the robbery from occurring (Motion for summary judgment, ECF No. 28, page 2).

When Mr. Lake finished serving his Montana sentence in 2008, he was returned to Washington State by Montana Prison officials to begin serving probation on his Washington conviction. Rather than releasing Mr. Lakes and having him report to Washington, the Montana Department of Corrections physically transported him because they believed him to be mentally

REPORT AND RECOMMENDATION- 2

ill and dangerous.  Plaintiff acknowledges he became "completely psychotic" while in the Montana prison system (Complaint, ECF No. 1, page 4).

Officials in Grays Harbor prepared a public notification to warn the people of the area that a person they believed to be mentally ill and dangerous was about to be released.  The bulletin identified Mr. Lake and gave very brief descriptions of his crimes (Complaint ECF No.1 Exhibit 1).  The bulletin also warned:

> Montana DOC **considers** Lake **to be a dangerous, mentally ill offender and an extreme risk to the public** and law enforcement with ties to white supremacist groups in Idaho [sic].  Washington Department of Corrections, the Grays Harbor County Sheriff's Department and the Aberdeen Police department will be coordinating to have Lake mentally evaluated prior to being released.  If the mental health evaluation determines he is fit for release, he will be released in Aberdeen.  Lake will be required to report to the DOC office in Aberdeen at 9:00 a.m. on Monday May 5. **If you should have any contact with this individual, use extreme caution.**

(Complain ECF No. 1 Exhibit 1(Emphasis in original)).

Mr. Lake was scheduled to be released May 3, 2008, but during the mental health evaluation process Mr. Lake threatened to slit the throat of his probation officer and the probation officer's son.  Mr. Lake was arrested on new charges and convicted of felony harassment.  The public notification bulletin was released May 2, 2008, and it was removed from the Grays Harbor Sheriff's web page shortly after it was posted.  Because it had been released, it remains on different servers on the World Wide Web and can still be found.

Plaintiff filed this action alleging the release of the bulletin violated his Fourteenth Amendment liberty interest because the Sheriff released information that he was mentally ill. Plaintiff alleges that he found the bulletin on a web site on April 15, 2010 (Complaint, ECF No. 1, page 4 ¶ 3).  In another part of the complaint he says he found the information May, 15, 2010 (Complaint, ECF No. 1, page 5 ¶ 15).  He does not claim that this web is in any way connected

REPORT AND RECOMMENDATION- 3

to the Grays Harbor Sheriff's Office.  Plaintiff seeks an injunction demanding that the Grays Harbor Sheriff's Office "cease and desist" from publicizing his mental health status and the Department of Corrections stop releasing information about his mental health.  He also asks for twenty-four thousand dollars ($24,000) in damages (Complaint ECF No. 1).

Defendant moves for summary judgment and argues there was no constitutional violation because there is no liberty interest at stake and while there is a possible Fourth Amendment claim, the right to privacy is not absolute and may be curtailed by a proper government interest such as protection of the public  (Motion for summary judgment, ECF No. 28, page 5).  Defendant also raises the affirmative defense of qualified immunity (Motion for summary judgment, ECF No. 28, page 7).

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact.  Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial.  Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

REPORT AND RECOMMENDATION- 4

## DISCUSSION

The Ninth Circuit has held that the release of a public notification does not violate any constitutional right or duty owed to an inmate because of the government interest in protecting the public.  Russell v. Gregoire, 124 F. 3d 1079, 1092 (9th Cir. 1997) (*citing* Paul v. Davis, 424 U.S. 693, 701 (1976).  In Paul v. Davis, supra, the Supreme Court found no liberty interest was at stake.

These cases do not specifically address release of mental health information.  The information concerning plaintiff's mental state formed the basis for law enforcement's fear that plaintiff posed an extreme threat to the public.  The release of this information, in substance, was no different than the information at issue in the above cases.  The fact that plaintiff was dangerous because of his mental illness, does not in any way detract from the fact that he was dangerous.  Therefore, the notice was not in appropriate.

To the extent that this case may raise a Fourth Amendment claim because it involves the release of mental health information, the defendant would still be entitled to qualified immunity from suit.  State officials are entitled to qualified immunity unless they violated clearly established law of which a reasonable person should have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In evaluating the issue of qualified immunity, the court follows a two-part test: (1) whether the facts alleged "show [that] the officer[s'] conduct violated a constitutional right"; and (2) whether the constitutional right in question was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier v. Katz  533 U.S. 194, 201-02 (2001); see also Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002).

REPORT AND RECOMMENDATION- 5

For a law to be "clearly established," it must be sufficiently clear that a reasonable official would understand that his or her action violates that right.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  The court should look to whatever decisional law is available to determine whether the law was clearly established at the time the alleged acts occurred.  Capoeman v. Reed, 754 F.2d 1512, 1514 (9th Cir. 1985).

Defendant Whelan could reasonably have believed that the public notification of plaintiff's dangerous mental illness was constitutional.  It is undisputed that plaintiff's mental illness made plaintiff a danger to the public.  Plaintiff admits that, he became "completely psychotic" while he was in the Montana prison system (Complaint, ECF No. 1, page 4 ¶ 6).  Further, he infers he was psychotic when he was scheduled to be released on May 3, 2008 (Complaint, ECF No. 1, page 5 ¶ 8 through 11).  Therefore, since there is no binding authority that precludes notice to the public of the danger posed by a person with mental illness, it could hardly be argued that such a claimed prohibition is "clearly established."  Therefore, even if the court were to say that defendant should not have disclosed plaintiff's mental illness, defendant is still entitled to qualified immunity because an official in defendant's position would not have reasonably assumed that such disclosure was a violation of plaintiff's constitutional rights.

Finally, since there is no evidence that defendant continues to post this bulletin, and the posting is not otherwise unconstitutional, plaintiff is not entitled to an injunction.

The court recommends that the motion for summary judgment be granted and that this action be DISMISSED WITH PREDJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

REPORT AND RECOMMENDATION- 6

1   6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

2   <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

3      Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

4   matter for consideration on December 10, 2010**,** as noted in the caption.

5      Dated this 12th day of November, 2010.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 7